**SCOTTSDALE INSURANCE CO.**

v.

**Marjorie HARRIS, et al.**

**Nos. Civ.A. 98–3189, Civ.A. 99–3853.**

United States District Court,
E.D. Louisiana.

April 6, 2001.

Matthew J. Ungarino, William Harry Eckert, Ungarino & Eckert, LLC, Metairie, LA, for Plaintiff.

Stephen P. Bruno, Bruno & Bruno, New Orleans, LA, Elizabeth A. Alston, Alston Law Firm, Mandeville, LA, Maria Garcia Marks, Schonekas Winsberg, Evans & McGoey, LLC, New Orleans, LA, Edwin F. McPherson, Edwin F. McPherson, Los Angeles, CA, Stephen Kenneth Conroy, Christine W. Marks, Conroy Law Firm, PLC, Metairie, LA, for Defendants.

*ORDER AND REASONS*

CLEMENT, District Judge.

Before the Court is Plaintiff Scottsdale Insurance Co.'s Motion for Summary Judgment. For the following reasons, the Motion is DENIED.

**A. *BACKGROUND***

This case revolves around one issue: under the terms of an insurance policy, is

Scottsdale Insurance Co. ("Scottsdale") obligated to provide coverage to Space Walk Sales, Inc. ("Space Walk Sales") for personal injury claims asserted against Space Walk Sales by Marjorie Harris? This seemingly simple question is complicated by several unique circumstances, most significant of which are the fact that, in addition to "Space Walk Sales," there is another corporation named "Space Walk, Inc." ("Space Walk") operating in the New Orleans suburbs, the fact that Space Walk is run by J.T. Scurlock, the father of Space Walk Sales' president, Frank Scurlock, and the fact that, due to what one party has described as a "vicious family dispute in 1992," the two corporations are entirely separate and, in fact, are vigorous competitors. When Ms. Harris filed suit for her personal injuries in California in 1993, she mistakenly named Space Walk—rather than Space Walk Sales—as defendant, which led to a series of procedural twists and turns through two states that resulted, in part, in the instant lawsuit.

Scottsdale now re-urges its Motion for Summary Judgment, which was originally filed in April of 1999 but was rendered moot when this Court stayed Scottsdale's declaratory judgment action pending resolution of the California state court proceedings. Scottsdale argues that it is not obligated to provide coverage to Space Walk Sales as a matter of law because (1) Space Walk Sales violated the notice provisions of the policy and (2) products liability coverage is expressly excluded by the terms of the policy.[1]

## B. *LAW AND ANALYSIS*

The parties have not briefed the issue, but the Court assumes that Louisiana law governs the insurance policy in the instant case. Louisiana law requires that "[e]very insurance contract ... be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." LA.REV. STAT. ANN. § 22:654 (West 2001).

Under the Federal Rules of Civil Procedure, summary judgment is proper only where, viewing the evidence in the light most favorable to the nonmoving party, the court determines that there is no genuine issue of material fact and judgment is proper as a matter of law. *See In re Intelogic Trace, Inc.*, 200 F.3d 382 (5th Cir.2000); FED. R. CIV. P. 56.

### 1. *Notice Requirement*

Scottsdale first argues that the policy requires as a condition precedent to coverage that Space Walk Sales provide Scottsdale with timely notice of any claims or suits that could give rise to coverage. Scottsdale asserts that Space Walk Sales first became aware of Ms. Harris' claims on January 26, 1994, when process was served on Frank Scurlock, but failed to inform Scottsdale of this fact for two years.

Space Walk Sales denies having received notice of Ms. Harris' claims in 1994. Although a California appellate court eventually ruled that Frank Scurlock had been served with the suit in 1994, he maintains that he had no actual knowledge of the Harris lawsuit until 1998 when a default judgment was entered against Space Walk Sales in a California court. By affidavit, both Frank Scurlock and Space Walk Sales' receptionist, Gloria Swanson, state

---

1. Scottsdale originally asserted a third reason for summary judgment, that "Space Walk, Inc." is not a named insured under the policy. Space Walk Sales, in its opposition memorandum, agreed with Scottsdale "wholehearted-

ly" on this point, but noted, correctly, that it is the coverage of Space Walk *Sales* that is at issue in the present suit. Scottsdale subsequently abandoned its third argument.

that Space Walk Sales' practice is to forward, unopened, any mail or packages they receive addressed to "Space Walk, Inc." to their similarly named competitor. Although neither of them expressly state as such, the clear implication of these affidavits is that, even if they received the Summons and Complaint from Ms. Harris on January 26, 1994, they forwarded the documents directly to Space Walk without reading them and therefore had no actual notice of Ms. Harris' claims on that date.

Scottsdale responds that this Court must give full faith and credit to the California appellate court's decision that Frank Scurlock was served in January of 1994 and that "service" should be equated with notice.

The Court cannot agree with Scottsdale at this time. Although the California court did find that Frank Scurlock was served in January 1994, it does not necessarily follow that "service" under California civil procedure is the same as "notice" under the Scottsdale policy. Importantly, the California court did not find that Frank Scurlock actually read the Summons and Complaint. Instead, the court ruled that Frank Scurlock received the Summons and Complaint and, for purposes of California service of process law, was "not entitled to rely on the fact that the word 'Sales' did not appear in the corporate name complaint, and ignore the process which was served on him." Scottsdale Reply Mem. Ex. A1 (California Appellate Decision). Moreover, even though Scottsdale relies on a particular provision of the policy, this provision is not contained within the copy of the policy Scottsdale provided to the Court.[2] The purported policy language cited by Scottsdale requires that the insured provide Scottsdale with notice of any "occurrence" potentially giving rise to coverage "as soon as practicable" and that the

insured "immediately forward" to Scottsdale a copy of "every demand, notice, summons or other process received by him or his representative." Scottsdale Mem. p. 6. Without the full language of the policy, the Court cannot conclude that mere service, absent actual knowledge, triggers the duties set forth in the notice provision. *See* LA.REV.STAT. ANN. § 22:654. It is possible that, under the strange circumstances presented by this case, it was not "practicable" for Space Walk Sales to notify Scottsdale about the suit in 1994 when it believed the suit was against Space Walk.

Thus, the meaning of the policy is unclear, and whether Space Walk Sales had actual knowledge of Ms. Harris' suit is a genuine issue of material fact. For both reasons, summary judgment is inappropriate on this ground.

### 2. *Products Exclusion*

■ The Court is similarly unable to interpret the "Products Exclusion" purportedly contained within the policy. Scottsdale argues that the policy excludes bodily injury claims "arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto ... if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others." Scottsdale Mem. p. 12. Space Walk Sales responds that, although some of Ms. Harris' claims are for products liability, others involve failure to warn, negligence, and other causes of action "that are certainly covered under the policy." Space Walk Sales Opp'n Mem. p. 13.

The policy Scottsdale submitted to the Court, however, does not contain this ex-

---

**2.** This omission is rather startling, especially since Exhibit "D" to Scottsdale's Motion pur-

ports to be "a *full*, true, and *complete* copy of" the policy at issue. (Emphasis added.)

clusion. This omission is bothersome, since Space Walk Sales pointed it out in its opposition memorandum, *see* p. 12 ("upon review of the policy attached to Scottsdale'[s] Motion for Summary Judgment, there are no such definitions contained in the policy"), and Scottsdale neglected to rectify the problem, even though it subsequently submitted a lengthy reply memorandum with numerous exhibits. The Court does note that the version of the policy it received suggests that "Products" are "EXCLUDED," *see* third page of Ex. "D", but what exactly this means is a mystery. Without the full policy before it, the Court cannot construe its provisions, and Scottsdale therefore has failed to demonstrate that it is entitled to summary judgment. *See* LA.REV.STAT. ANN. § 22:654.

### C.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff Scottsdale Insurance Co.'s Motion for Summary Judgment is DENIED.